**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

M & H TRUCKING, INC., et al.,

                    Plaintiffs,

v.                                       CIVIL ACTION NO.  2:06-cv-0297

ARCH COAL, INC., et al.,

                    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiffs' motion to remand [Docket 9].  The plaintiffs filed the motion to remand claiming that the defendants wrongfully removed this action on the basis of fraudulent joinder.  Because the defendants cannot establish that Jim Mullins, Bob Aliff, and Cliff Frye were fraudulently joined, the court **GRANTS** the plaintiffs' motion and **REMANDS** the case to the Circuit Court of Mingo County.

**I.      Factual Background**

On March 21, 2006, the plaintiffs, M&H Trucking, Inc. ("M&H") and John T. Hatfield filed suit against Arch Coal Inc., Mingo Logan Coal Company ("Mingo Logan"), Butch Stallard, Jim Mullins, Bob Aliff, Cliff Frye, and Tim Dean in the Circuit Court of Mingo County.  Butch Stallard, Jim Mullins, Bob Aliff, Cliff Frye, and Tim Dean are employees of Mingo Logan Coal Company. The plaintiffs, Jim Mullins, Bob Aliff, and Cliff Frye are residents of West Virginia.

In the Complaint the plaintiffs allege four breach of contract counts against Arch Coal and Mingo Logan. The Complaint also contains a bad faith breach of contract count, a civil conspiracy count, a tort of oppression count, and an intentional infliction of emotional distress count against Butch Stallard, Jim Mullins, Bob Aliff, Cliff Frye, and Tim Dean. All counts concern alleged actions by the defendants pursuant to business dealings between Mingo Logan and M&H.

On April 21, 2006, Arch Coal and Mingo Logan filed a joint notice of removal alleging the fraudulent joinder of Mr. Mullins, Mr. Aliff, and Mr. Frye, the nondiverse parties. The defendants claim that the plaintiffs cannot possibly recover from Mr. Mullins, Mr. Aliff, and Mr. Frye and were added to the litigation only to destroy diversity jurisdiction. The plaintiffs filed the motion to remand on May 23, 2006.

## II.     Discussion

The sole jurisdictional issue is whether the defendants, as the removing parties, have established that the plaintiff fraudulently joined Mr. Mullins, Mr. Aliff, and Mr. Frye. As explained in the following paragraphs, the defendants' claim of fraudulent joinder is without merit.

The statute authorizing diversity jurisdiction requires "complete diversity" of citizenship between the parties to a controversy. 28 U.S.C. § 1332 (2000); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Accordingly, no party involved in a diversity suit may share common citizenship with any party on the other side. 28 U.S.C. § 1332. The judicially created "fraudulent joinder" doctrine, however, provides an exception to the complete diversity requirement, and allows a district court to assume jurisdiction even if there are nondiverse named defendants at the time of removal. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232–33 (4th Cir. 1993). A finding of fraudulent joinder "permits a district court to disregard, for jurisdictional purposes, the citizenship

of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants,

and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

To show that a nondiverse defendant has been fraudulently joined:

> the removing party must establish either: [t]hat there is *no possibility*
> that the plaintiff would be able to establish a cause of action against
> the in-state defendant in state court; or [t]hat there has been outright
> fraud in the plaintiff's pleading of jurisdictional facts.

*Id*. at 464.  Accordingly, the removing party bears a heavy burden as it "must show that the plaintiff

cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and

law in the plaintiff's favor." *Marshall*, 6 F.3d at 232–33.  Moreover, the court need not limit its

jurisdictional inquiry to the facts alleged in the pleadings; the entire record may be considered to

determine whether a basis for joinder exists.  *Mayes*, 198 F.3d at 464 (*citing AIDS Counseling and

Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990)).  As the Fourth

Circuit recognizes, the fraudulent joinder standard "is even more favorable to the plaintiff than the

standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Id.* (quoting *Hartley v. CSX

Transp., Inc*., 187 F.3d 422, 424 (4th Cir. 1999)).

The defendants do not assert that fraud in the pleading has occurred. Instead, they claim that

Mr. Mullins, Mr. Aliff, and Mr. Frye were fraudulently joined because no cause of action exists

against Mr. Mullins, Mr. Aliff, and Mr. Frye.  First, the defendants claim the plaintiffs cannot state

a cause of action against Mr. Mullins, Mr. Aliff, and Mr. Frye because the claims are derivative from

the subject contract.  The defendants cite *Monroe v. Elmo Greer & Sons of Kentucky, LLC*, 369 F.

Supp. 2d 824, 831 (N.D. W. Va. 2005), for this proposition.  In *Monroe*, the court stated, "The

fraudulent scheme alleged by the plaintiff stems directly from the defendant's alleged omission to

perform a contract obligation, and not from any independent duty it held to the plaintiff or the public at large." *Monroe*, 369 F. Supp. 2d at 831.

In the Complaint, a count exists for intentional infliction of emotional distress. This claim is not derived from the contract because Mr. Mullins, Mr. Aliff and Mr. Frye could have intentionally inflicted emotional distress whether a contract existed or did not. In West Virginia, a duty exists not to intentionally inflict emotional distress on another. *See Harless v. First Nat'l Bank in Fairmont*, 269 S.E.2d 692, 703 (W. Va. 1982) ("One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such distress.") Accordingly, unlike the factual scenario in *Monroe*, the liability of the defendants for intentional infliction of emotional distress is not based on the contractual relationship of the parties.

Next, the defendants argue that the plaintiffs did not properly set forth a factual basis for the individual tort claims. "Under Rule 8, a complaint must be intelligibly sufficient for a circuit court or an opposing party to understand whether a valid claim is alleged and, if so, what it is." *State ex. Rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 461 S.E.2d 516, 522 (W. Va. 1995). A plaintiff is not required to set forth a detailed factual basis for each count. *Id.* The court **FINDS** the Complaint sufficient to understand what claims are alleged. Accordingly, the court **GRANTS** the plaintiff's motion and **REMANDS** the case to the Circuit Court of Mingo County.

## III.    Attorney's Fees

The plaintiffs have also moved for attorney's fees and costs for improper removal [Docket 9]. "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Cap. Corp.*, 126 S. Ct. 704, 710 (2005). This court may award attorney's fees "only

where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*  The

court **FINDS** that the defendant's claim of fraudulent joinder was not objectively reasonable because

the plaintiffs clearly have a possibility of establishing a cause of action against the individual

defendants.  Accordingly, the court **GRANTS** the motion for attorney's fees and **ORDERS** the

defendants to pay $2,700.35 in attorney's fees and costs.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any

unrepresented party.

ENTER:      July 7, 2006

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE